**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JUAN CARLOS ALONSO,

    Plaintiff,

v.                                                            No. 16-cv-0903 KWR/SMV

JULIE BARHAM and
CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

    Defendants.

**ORDER TO SHOW CAUSE**

THIS MATTER is before the Court sua sponte.  Plaintiff has failed appear at a telephonic status conference scheduled for September 24, 2020, at 1:30 p.m.  *See* [Doc. 76].  Plaintiff is ordered to show cause why he should not be sanctioned for his failure to appear.

On September 2, 2020, the Court issued an Order Setting Telephonic Status Conference for September 24, 2020.  [Doc. 76].  The Order directed all parties to call Judge Vidmar's teleconference line on September 24, 2020, at 1:30 p.m.  The notice of electronic filing indicates that the Order was sent to Plaintiff by United States mail at 308 South Kansas in Roswell, New Mexico, 88203.  Nevertheless, Plaintiff failed to appear, and the status conference could not proceed.

**IT IS THEREFORE ORDERED** that no later than **October 26, 2020,** Plaintiff must show cause, in writing, why he should not be sanctioned for his failure to appear at the telephonic status conference set for September 24, 2020, in accordance with the Court's Order Setting Telephonic Status Conference [Doc. 72].

**IT IS FURTHER ORDERED** that **if Plaintiff fails to timely respond to this Order, he may be sanctioned up to and including dismissal of this case without further notice.** *See* Fed. R. Civ. P. 41(b) (allowing for involuntary dismissal where "the plaintiff fails to prosecute or to comply with the[] rules [of procedure] or a court order"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (courts have inherent power to dismiss cases for lack of prosecution); D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."); Fed. R. Civ. P. 16(f) (authorizing sanctions against a party who fails to comply with court orders); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (outlining factors to consider in dismissing a case).

**IT IS FURTHER ORDERED** that the Clerk of Court mail two copies of this Order to Plaintiff: one at his address in Roswell and one at the Chaves County Detention Center.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**