IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS ALONSO,

    Plaintiff,

v.                                                                                            No. 16-cv-0903 KWR/SMV

JULIE BARHAM and
CHILDREN, YOUTH AND FAMILIES
DEPARTMENT,

    Defendants.

**MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on its Order to Show Cause [Doc. 77], filed on September 24, 2020. The Court recommends dismissing this action without prejudice for failure to follow the order of this Court and for lack of prosecution. Plaintiff has taken no action in this case since May 26, 2020. *See* [Doc. 72]. Since that time, Plaintiff's counsel withdrew because Plaintiff did not communicate with counsel for several months. [Docs. 74, 75]. Most recently, Plaintiff failed to appear for a telephonic status conference, [Doc. 76], and failed to respond to the Court's subsequent Order to Show Cause, [Doc. 77]. Plaintiff has abandoned the case. It should be dismissed.

**Background**

Plaintiff brought civil claims against Defendants in state court for violations of his constitutional rights, based on sexual abuse while he was within the care of the state as a minor. [Doc. 1-1]. Plaintiff's civil case was removed to federal court in August 2016. [Doc. 1]. Simultaneously, Defendant Barham faced criminal charges in state court for the underlying

conduct. *See* [Docs. 20, 20-1, 21, 24, 26, 27, 35, 52, 59]. Discovery in this civil case was stayed from November 4, 2016, until October 2, 2019, while the state court ordered Defendant Barham restored to competency for her criminal proceedings. *See id.*

With the assistance of counsel, Plaintiff filed a Joint Motion to Extend Pre-trial Deadlines on May 26, 2020, and this is the most recent action Plaintiff took in this case. *See* [Doc. 72]. Plaintiff's counsel withdrew on August 10, 2020, leaving Plaintiff to proceed pro se, because Plaintiff had not communicated with counsel for several months. [Docs. 74, 75]. On September 2, 2020, the Court set a telephonic status conference for September 24, 2020. [Doc. 76]. The Order setting the hearing directed all parties to call Judge Vidmar's teleconference line on September 24, 2020, at 1:30 p.m. The notice of electronic filing indicates that the Order was sent to Plaintiff by United States mail at 308 South Kansas in Roswell, New Mexico, 88203. Nevertheless, Plaintiff failed to appear, and the status conference could not proceed. The Court ordered Plaintiff to show cause, [Doc. 77], in writing, no later than October 26, 2020, why he should not be sanctioned for his failure to appear, up to and including dismissal of this case without further notice. *See* Fed. R. Civ. P. 41(b). The Court further ordered that the Clerk mail two copies of the Order to Show Cause, [Doc. 77], to Plaintiff: one at his address in Roswell and one at the Chaves County Detention Center.[1] Both were returned as undeliverable. [Docs. 78, 79].

---

[1] When Plaintiff failed to appear for the hearing on September 24, 2020, counsel for Defendants informed court staff that Plaintiff might be detained at the Chaves County Detention Center.

**Standard**

Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order."[2] Fed. R. Civ. P. 41(b). Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Before dismissing a case under Rule 41, therefore, a court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (citations, internal quotation marks, and ellipsis omitted) (considering dismissal under Rule 37); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)). *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (courts have inherent power to dismiss cases for lack of prosecution); D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no

---

[2] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).

steps are taken to move the case forward."); Fed. R. Civ. P. 16(f) (authorizing sanctions against a party who fails to comply with court orders).

## **Analysis**

Through counsel, Plaintiff initiated his claims in August 2016. *See* [Doc. 1]. For nearly four years, Plaintiff worked with counsel to move the case forward, but Defendants were granted multiple stays. *See* [Docs. 21, 24, 35, 41, 50]. However, counsel withdrew on August 10, 2020, because Plaintiff was unresponsive for several months. [Docs. 74, 75]. Since proceeding pro se, Plaintiff failed to appear for a hearing, *see* [Doc. 76], and failed to respond to the Court's Order to Show Cause, *see* [Doc. 77]. Thus, Plaintiff has taken no action to prosecute his case, either through counsel or when proceeding pro se, in nearly six months, *see* [Doc. 72].

As a result of Plaintiff's complete absence from the litigation, "the degree of actual prejudice to the defendant" is great; Defendants cannot defend a claim against absent Plaintiff. *See Ehrenhaus*, 965 F.2d at 921. For the same reason, "the amount of interference with the judicial process is significant" because the process cannot proceed without Plaintiff's participation. *See id.* Additionally, based on the record before me, I find that Plaintiff is culpable for his lack of participation. *See id.* Moreover, the Court's Order to Show Cause notified Plaintiff that if he failed to respond, his case could be dismissed without further notice, [Doc. 77]. *See Ehrenhaus*, 965 F.2d at 921. Finally, the Court is not convinced that lesser sanctions would be effective, *see id.*, because Plaintiff is not participating in the case. He is not responding to court orders, participating in hearings, or prosecuting his claims in any way. Although the Court prefers to resolve disputes on their merits, the aggravating factors in this case outweigh such preference. Therefore, pursuant to Fed. R. Civ. P. 41, dismissal without prejudice is warranted. *See id.*

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that this action be dismissed **without prejudice** for failure to prosecute.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**